O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MIGUEL MUNIZ, | § | |
|    Plaintiff, | § | |
|        v. | § | Civil Action No. L – 06 – cv – 126 |
| | § | |
| T.K. STANLEY, INC., | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant T.K. Stanley, Inc.'s ("TKS") Motion for Leave to Designate Responsible Third Party Under Section 33.004 of the Texas Civil Practice And Remedies Code. [Dkt. No. 17].[1] After duly considering the motion, response, reply, submitted evidence, and applicable law, TKS's motion is GRANTED.

**I. Background**

Miguel Muniz ("Muniz") alleges that on February 23, 2006, while employed with Helmerich & Payne, Inc., ("H&P") as a derrrick man, he was injured when struck by a metal floor plate improperly lifted and boomed by the crane operator and/or riggers TKS employed.[2] [Dkt. No. 1 at 2]. Based upon diversity of citizenship, Muniz, a Texas resident, filed suit in this Court against TKS, a Mississippi corporation, claiming that as a result of TKS's negligence he suffered damages in

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

[2] Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Company will be referred collectively as "H&P" because both entities appear to fall under the same "employer" umbrella. [Dkt. No. 19 at 3-4].

excess of $75,000.00. *Id.* at 1. According to Muniz, TKS is liable for the negligent acts of the crane operator and/or riggers under the doctrine of respondeat superior because TKS's employee(s) were acting in the course and scope of their employment and in furtherance of TKS's interests at the time the incident where he sustained injuries occurred. *Id.* at 3.

On December 14, 2006, TKS filed the instant motion. TKS alleges H&P "controlled the premises and directed the work in question" and owed Muniz "a duty of care which [H&P] breached, proximately causing [Muniz's] injuries." [Dkt. No. 17 at 3]. In essence, TKS wishes, should its motion be granted, to submit to the trier of fact the question of H&P's liability. *Id.* at 3-4. Therefore, TKS requests leave to designate H&P as a responsible third party under Texas Civil Practice and Remedies Code, Section 33.004 ("§ 33.004"). *Id.* at 2-3.

Section 33.004, in relevant part, provides:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. . . .

(b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

>(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.

>(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

>(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

>>(1) does not by itself impose liability on the person; and

>>(2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

>. . . .

>(*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE § 33.004 (2006). The Texas Civil Practice and Remedies Code further defines a "responsible third party" as "a person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these. . . ." *Id.* § 33.011.

On December 29, 2006, Muniz responded to TKS's motion to designate H&P as a responsible third party, arguing third party practice is governed by Rule 14 of the Federal Rules of Civil Procedure ("Rule 14") and not § 33.004. [Dkt. No. 19 at 3]. He further alleges § 33.004 is

procedural, not substantive, and, accordingly, Rule 14 applies in this federal diversity case. *Id.* Muniz thus requests the Court deny TKS's motion.

## II. Discussion

There are two primary issues the Court must resolve. First, the Court must determine whether Rule 14 or § 33.004 applies in this case. Second, after determining which provision applies, the Court must decide whether the respective parties have complied with it.

### A. Section 33.004 applies to the present case

Muniz's contention that Rule 14, not § 33.004 governs the instant dispute is misplaced. Various sister district courts have interpreted § 33.004's language and concluded the designation of a responsible third party under § 33.004 does not conflict with Rule 14. *Cortez v. Frank's Casing Crew & Rental Tools*, No. V-05-125, 2007 U.S. Dist. LEXIS 7986, at *6 (S.D. Tex. Feb. 2, 2007)(citing compilation of cases). The Court finds these opinions persuasive. As these courts have done, this Court finds that no conflict exists because under Rule 14 parties may be formally joined and become parties to the suit subject to liability, but under § 33.004 responsible third parties are not formally joined – they are merely designated. *Id.*; *Werner v. KPMG*, 415 F. Supp. 2d 688, 692 (2006)("[Section 33.004], amended in 2003, allows a defendant to designate 'responsible third parties' whose fault will be submitted to the finder of fact without making them 'parties' to the suit."); *Bueno v. Cott Beverages, Inc.*, No. SA-04-CA-24-XR, 2005 U.S. Dist. LEXIS 4210, at *5 (W.D. Tex. Feb. 8, 2005)(explaining that prior to the 2003 amendments to § 33.004 responsible third parties were actually joined as parties to the suit, but that since 2003 responsible third parties are now designated not joined); *see* Jennifer Bruch Hogan & Richard P. Hogan, Jr., *Charging the Jury in Changing Times*, 46 S. Tex. L. Rev. 973, 1013 (2005)("[House Bill] 4 reflects a substantive

alteration in proportionate responsibility under Texas law. Although Rule 14 dictates how third parties may be joined, Texas law governs the percentage of responsibility assigned to designated responsible third parties, and should be binding on federal courts sitting in diversity."); *see also Bueno*, 2005 U.S. Dist. LEXIS 4210, at *5 (discussing § 33.004 pre-2003 requirements); *see generally* David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869 (2005)(discussing responsible third party history and application).

Rather than require formal joinder, "§ 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault." *Cortez*, 2007 U.S. Dist. LEXIS 7986, at *7; *see Werner*, 415 F. Supp. 2d at 692 ("The defendant may introduce evidence about the designated responsible third parties' role in the alleged injury or damages and ask the factfinder to include those designated in allocating responsibility."); David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005)("In Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability."). Section 33.004 only provides a mechanism to designate a responsible third party because the designation of a responsible third party is limited to chapter 33, *see* TEX. CIV. PRAC. & REM. CODE § 33.004(h)(2006); does not by itself impose liability, and on its own has no preclusive effect. *Id.* § 33.004(i); *Cortez*, 2007 U.S. Dist. LEXIS 7986, at *7.

Muniz presents two cases for the proposition that Rule 14 applies to the present suit. He cites *Marella v. Autozone, Inc.*, No. 3:04-CV-1157-H, 2004 U.S. Dist. LEXIS 24890 (N.D. Tex. Dec. 10, 2004), and *Bigelow v. New York Lighter Co., Inc.*, No. A-03-CA-340 LY (W.D. Tex. Nov. 25, 2003). These cases are inapplicable to the resolution of the case at bar because they relied on *Kelley*

5

*v. Wal-Mart Stores, Inc.*, 224 F. Supp. 2d 1082 (E.D. Tex. 2002). *Kelley* applied § 33.004 in its pre-2003 form. 224 F. Supp. 2d at 1084. As eluded to earlier, the 2003 amendments substantially changed § 33.004 from a provision that involved third party practice to a provision that merely permits the designation of certain parties, thereby eliminating the conflict with Rule 14. *Cortez*, 2007 U.S. Dist. LEXIS 7986, at *8 n.1; *id.* (rejecting plaintiff's argument that Rule 14 applied rather than § 33.004 because plaintiff incorrectly relied on *Marella* and *Bigelow*); *Alvarez v. Toyota Motor Corp.*, No. 3:06-CV-0340-D, 2006 U.S. Dist. LEXIS 26973, at *6 (N.D. Tex. May 8, 2006)(rejecting arguments that third party practice in federal court is governed by Rule 14 instead of § 33.004 and that § 33.004 is a procedural statute that does not control in a federal diversity case). The Court, therefore, finds Muniz's argument that Rule 14 should be applied unpersuasive, and hold that § 33.004 applies.

### B. Compliance with § 33.004

Section 33.004 instructs courts "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f)(2006). When an objection is timely filed, § 33.004 next instructs courts shall not grant leave to designate the responsible third party if the objecting party establishes the defendant failed to plead sufficient facts concerning the alleged responsibility of the person. *Id.* § 33.004(g)(1).

On December 14, 2006, TKS filed its motion to designate H&P as a responsible third party. [Dkt. No. 17]. Muniz timely filed its objection to TKS's motion 15 days later on December 29, 2006. [Dkt. No. 19]. Although Muniz's objection did not focus on whether TKS pled sufficient facts concerning the alleged responsibility of H&P as instructed by subsection (g)(1), the Court

nevertheless concludes that such objection would have failed. It would have failed because in its motion to designate H&P as a responsible third party, TKS alleges H&P, as Muniz's employer, "controlled the premises and directed the work in question" and owed Muniz "a duty of care which [H&P] breached, proximately causing [Muniz's] injuries." [Dkt. No. 17 at 3]. The Court thus finds these alleged facts are sufficient to permit TKS to designate H&P as a responsible third party under § 33.004. *See Cortez*, 2007 U.S. Dist. LEXIS 7986, at *9 (finding defendant had pled enough facts to designate responsible third party); *Bueno*, 2005 U.S. Dist. LEXIS 4210, at *7-8 (concluding defendant's allegations satisfied pleading requirements under Texas law); David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 888 (2005)("[A]lthough [§ 33.004] requires that the defendant plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure, that is not a high threshold, in most cases, because Texas requires only 'notice pleading.'").

    A short instruction is required before concluding. By granting the motion for leave to designate a responsible third party, H&P is designated as a responsible third party for purposes of Chapter 33 without further action by the Court or any party. TEX. CIV. PRAC. & REM. CODE § 33.004(h)(2006); *Bueno*, 2005 U.S. Dist. LEXIS 4210, at *8. Also, the granting of this motion for leave to designate H&P as a responsible third party "does not by itself impose liability" and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability . . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(i)(2006). However, "[i]f being designated as a responsible third party threatens other interests, such as the responsible third party's reputation, [H&P] may wish to consider intervening in the lawsuit as a full fledged party . . . ." Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort*

*Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1204 (2004).  Lastly, should Muniz desire to file a motion to strike under § 33.004(*l*), he may do so no later than May 16, 2007, which is the date discovery will close in this case.[3]  [Dkt. No. 16 at 1].

### III. Conclusion

In sum, § 33.004 applies here.  Because TKS complied with the mandates of § 33.004, TKS's motion for leave to designate H&P as a responsible third party under § 33.004 of the Texas Civil Practice and Remedies Code, [Dkt. No. 17], is GRANTED.

IT IS SO ORDERED.

Signed this 11th day of April, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[3] TKS is in agreement with the Court's last point.  [Dkt. No. 20 at 2-3].